## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JERRY HALL,

    Plaintiff,

           v.

QUIKTRIP CORPORATION,

    Defendant.

Civil Action No.
1:25-cv-01702-SDG

## OPINION AND ORDER

This case is before the Court on Plaintiff Jerry Hall's motion to remand [ECF 4]. Because the Court concludes that subject matter jurisdiction is lacking, Hall's motion is **GRANTED**.

## I.    BACKGROUND

This case involves a slip-and-fall incident that took place on December 3, 2024, in Union City, Georgia.[1] Hall was patronizing a store operated by Defendant QuikTrip Corporation when he slipped on a patch of black ice.[2] Hall's fall resulted in injuries, and he incurred $15,441.43 in medical expenses.[3]

---

[1]    Compl., ECF 1-1, ¶ 5.

[2]    *Id.* The state court complaint and notice of removal list the defendant's name as "QuikTrip Corporation," though the defendant was initially docketed in this Court as "Qui**c**kTrip Corporation." The Court will adhere to the spelling in the pleadings.

[3]    *Id.* ¶¶ 10–15.

Hall initially filed his complaint in the State Court of Fulton County, Georgia, in February 2025.[4] He brings claims for negligence, punitive damages, and attorneys' fees against QuikTrip.[5]

QuikTrip removed the case on March 31, 2025, based on this Court's diversity jurisdiction.[6] Hall is a citizen of Georgia.[7] QuikTrip is an Oklahoma corporation with its principal place of business in Oklahoma and therefore a citizen of Oklahoma.[8] 28 U.S.C. § 1332(c). QuikTrip alleges that the amount in controversy exceeds $75,000, based on Hall's pre-suit settlement demand of $500,000, inclusive of $15,441.43 in past medical expenses.[9] Hall moves to remand on the ground that QuikTrip has not demonstrated that the amount in controversy exceeds $75,000.[10]

## II.    APPLICABLE LEGAL STANDARD

A civil action originally filed in state court can be removed to the federal district court embracing the state court if the district court has original jurisdiction

---

[4]    *See generally id.*

[5]    *See generally id.*

[6]    ECF 1.

[7]    Pl.'s Resps. to Def.'s First Req. for Admis., ECF 6-3, ¶ 9.

[8]    ECF 1, ¶ 5.

[9]    *Id.* ¶ 6.

[10]    ECF 4.

over the case. 28 U.S.C. § 1441(a); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[W]hen an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims."). Federal courts possess limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332. The party seeking removal "bears the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

The amount in controversy is measured "on the date on which the court's diversity jurisdiction is first invoked, in this case on the date of removal." *The Burt Co. v. Clarendon Nat. Ins. Co.*, 385 F. App'x 892, 894 (11th Cir. 2010). In a notice of removal, the removing party need only provide "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (citing 28 U.S.C. § 1446(a)). However, when a non-removing party contests the amount in controversy, the removing party must show that the jurisdictional threshold amount is met by a preponderance of the evidence. *Owens*, 574 U.S. at 88–89 (citing 28 U.S.C. § 1446(c)(2)(B)). "In such a case, both sides submit proof and the court decides, by

a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Owens*, 574 U.S. at 88. The court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiff, non-sworn letters submitted to the court, or other summary judgment-type evidence. *Sutherland v. Glob. Equip. Co.*, 789 F. App'x 156, 162 (11th Cir. 2019) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)).

Further, "Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Clark v. LG Elecs. U.S.A., Inc.*, No. 1:18-CV-5574-ODE, 2019 WL 5686703, at *2 (N.D. Ga. Apr. 11, 2019) (quoting *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010)). "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062.

## III.   DISCUSSION

The Court concludes that QuikTrip has not met its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. In its opposition, QuikTrip argues that the amount in controversy is satisfied in three ways: (1) Hall's claims for future medical expenses, general damages, future damages, punitive damages, and attorneys' fees, in addition to the $15,441.43 in

past medical expenses; (2) Hall's $500,000 pre-suit settlement demand; and (3) Hall's purportedly improper responses to QuikTrip's discovery requests related to the amount in controversy.[11] Because the Court cannot reasonably infer from this evidence that the jurisdictional amount in controversy is satisfied, this case must be remanded.

### A.    The necessary amount in controversy is not facially apparent from the complaint.

The complaint alleges that Hall has incurred $15,441.43 in medical expenses but is otherwise non-specific about the nature and extent of his injuries.[12] Neither the complaint, nor the notice of removal, nor QuikTrip's opposition present any evidence that Hall's other categories of damages—including travel expenses, pain and suffering, loss of enjoyment of life, permanent impairment, and future medical expenses[13]—make up the nearly $60,000 difference. "If the basis for federal jurisdiction is unclear from the notice of removal and accompanying documents, the court may not 'speculate' about the amount in controversy." *Black v. Moore*, No. 1:21-CV-2305-MLB, 2021 WL 5121702, at *2 (N.D. Ga. Nov. 4, 2021) (citing *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1214–15 (11th Cir. 2007)). Nor does Hall's claim for punitive damages, without "some rationale as to what the punitive

---

11    ECF 6.

12    Compl. ¶¶ 10–15.

13    *Id.* ¶ 15.

damages are likely to be," meet the jurisdictional requirement. *Id.* (citation omitted); *see also id.* (collecting cases). Thus, the necessary amount in controversy is not facially apparent from the complaint.

> **B.   Hall's $500,000 pre-suit settlement demand does not establish the necessary amount in controversy.**

A settlement offer may serve as evidence of the amount in controversy. *Lowery*, 483 F.3d at 1212 n.62. However, "what it counts for depends on the circumstances." *Black*, 2021 WL 5121702, at *3 (quoting *Maisonneuve v. Quiktrip Corp.*, No. 1:15-CV-02603-ELR, 2015 WL 12645741, at *1 (N.D. Ga. Oct. 20, 2015)); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) ("While [a] settlement offer, by itself, may not be determinative, it counts for something."). District courts in the Eleventh Circuit have reasoned that "[h]ow much [a settlement demand] counts for depends on the content of the letter," such that "[m]ore weight should be given to a settlement demand if it is an 'honest assessment of damages.'" *Peterman v. Wal-Mart Stores Inc.*, No. 1:13-CV-91 WLS, 2013 WL 5210188, at *2 (M.D. Ga. Sept. 13, 2013) (citing *Farley v. Variety Wholesalers, Inc.*, No. 5:13-CV-52 CAR, 2013 WL 1748608, at *2 (M.D. Ga. Apr. 23, 2013); *Cross v. Wal-Mart Stores, E., LP*, No. 7:11-CV-21 HL, 2011 WL 976414, at *2 (M.D. Ga. Mar. 17, 2011)). Courts have also reasoned that "settlement offers that provide 'specific information . . . to support [the plaintiff's] claim for damages' suggest the plaintiff is 'offering a reasonable assessment of the value of [his] claim' and are entitled to

more weight." *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (quoting *Golden Apple Mgmt. Co. v. GEAC Computers, Inc.*, 990 F. Supp. 1364, 1368 (M.D. Ala. 1998)). However, the Court must keep in mind that "[s]ettlement offers commonly reflect puffing and posturing," and thus, depending on the circumstances, they may be "entitled to little weight in measuring the preponderance of the evidence." *Id.* (collecting cases).

In *Black v. Moore*, a recent opinion from this district, Judge Brown concluded that the defendants had failed to carry their burden to show that the amount in controversy exceeded $75,000, despite the fact that the plaintiff had made a $200,000 pre-suit settlement demand. 2021 WL 5121702, at *3. While the settlement demand provided some additional detail about the plaintiff's injuries and suggested that her past medical expenses exceeded the $29,482 alleged in the complaint, it did not "provide an accounting or other reasonably calculable method for how she reached her settlement offer of $200,000." *Id.*

Likewise, Hall's $500,000 settlement demand provides some additional detail about Hall's injuries—which include a left ankle contusion, a left knee abrasion, headache, and several sprains—and suggests that he will incur future medical expenses, but it does not provide a reasonably calculable method for

reaching his settlement offer.[14] Indeed, while Hall's counsel reiterated the $500,000 demand shortly after filing the remand motion, counsel simultaneously indicated that that figure was negotiable.[15] Taken together, Hall's demand appears to predominately reflect the puffing and posturing of settlement negotiations and is therefore entitled to little weight in determining the amount in controversy.

### C. Hall's purportedly improper discovery responses do not conclusively establish the necessary amount in controversy.

Prior to removing, QuikTrip served requests for admission on Hall regarding the amount in controversy.[16] Hall responded, "[n]either admit nor deny."[17] QuikTrip contends that these responses were improper, and therefore the matters were admitted.[18] On the one hand, the admission referenced in QuikTrip's opposition would only bolster Hall's case for remand, as the admitted statement is that "[t]he total amount in controversy in this action does not exceed $75,000.00 and the amount in controversy requirement under 28 U.S.C. § 1332 is not met in this action."[19] On the other hand, Fed. R. Civ. P. 36(a)(6) provides that "*the court*

---

14  ECF 6-1.

15  *Id.* at 1.

16  ECF 6, at 6; *see also* ECF 6-2, ¶¶ 1–8.

17  ECF 6, at 6; *see also* Pl.'s Resps. to Def.'s First Req. for Admis., ECF 6-3, ¶¶ 1–8.

18  ECF 6, at 5–7.

19  *Id.* at 6 (quoting ECF 6-2, ¶ 7). The Court notes that the requests themselves include six somewhat confusing variations on this question, asking Hall to admit that the amount in controversy both exceeds $75,000 and does not

may order [ ] that the matter is admitted" upon the requesting party's motion and the court's subsequent "finding that an answer does not comply with this rule."[20] QuikTrip has made no such motion in this Court, and this Court has made no such finding. Therefore, Hall's discovery responses do not establish the necessary amount in controversy. That leaves the Court with Hall's $15,441.43 in past medical expenses, which does not satisfy the requirements of 28 U.S.C. § 1332.

Accordingly, because the Court concludes that QuikTrip has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, the Court lacks jurisdiction over this case. This conclusion may be revisited in a subsequent removal of this case following remand, subject to the time limits of 28 U.S.C. § 1446. Lastly, whether Hall should be estopped from seeking more than $75,000 in damages upon remand is a matter properly reserved for the state court.

---

exceed $75,000. ECF 6-2, ¶¶ 3–8. If the Court were to deem all of these statements admitted, the amount in controversy would be both conclusively established and conclusively disestablished.

[20] Rule 36(a)(6) also allows the Court to order that an amended answer be served. By contrast, under Rule 36(a)(3), a matter may be automatically admitted if a party fails to respond within 30 days, but there is no indication that such a failure occurred here.

## IV.    CONCLUSION

Hall's motion to remand [ECF 4] is **GRANTED**. The Clerk of Court is **DIRECTED** to **REMAND** this case to the State Court of Fulton County, Georgia, and to close this action. The Clerk is further **DIRECTED** to correct QuikTrip Corporation's name on the docket consistent with the notice of removal [ECF 1].

**SO ORDERED** this 9th day of February, 2026.

Steven D. Grimberg
United States District Judge